1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STRATEGIC PARTNERS, LP,

11          Plaintiff,                    No. 2:12-cv-02803 LKK KJN PS

12      vs.

13   ROBERT IJAMS et al.,

14          Defendants.          ORDER AND

15   _____/   FINDINGS AND RECOMMENDATIONS

16

17          On November 15, 2012, defendants Robert Ijams and Marilyn Ijams filed a notice

18   of removal in this court to effectuate the removal of a state court action pending in Placer County

19   Superior Court.  (Dkt. No. 1.)[1]  Having reviewed the notice of removal and accompanying

20   documentation, the undersigned concludes that this court lacks subject matter jurisdiction over

21   the action and recommends that this case be summarily remanded to the Placer County Superior

22   Court.

23          A federal court has an independent duty to assess whether federal subject matter

24   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co.

25   _____

26      [1] This matter proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and
     28 U.S.C. § 636(b)(1).

                                        1

1  v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a

2  duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the

3  parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir.

4  1996).  Because subject matter jurisdiction may not be waived by the parties, a district court

5  must remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners

6  Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical

7  Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28

8  U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks

9  subject matter jurisdiction, the case shall be remanded").

10           In relevant part, the federal removal statute provides:

11           (a) Except as otherwise expressly provided by Act of Congress,
             any civil action brought in a State court of which the district courts
12           of the United States have original jurisdiction, may be removed by
             the defendant or the defendants, to the district court of the United
13           States for the district and division embracing the place where such
             action is pending.
14

15  28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

16  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

17  "The removal statute is strictly construed against removal jurisdiction," id., and removal

18  jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance"

19  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation

20  and quotation marks omitted).

21           A federal district court generally has original jurisdiction over a civil action

22  when: (1) a federal question is presented in an action "arising under the Constitution, laws, or

23  treaties of the United States" or (2) there is complete diversity of citizenship and the amount in

24  controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

25           In regards to federal question jurisdiction, federal courts have "jurisdiction to

26  hear, originally or by removal from a state court, only those cases in which a well-pleaded

2

complaint establishes either that federal law creates the cause of action, or that the plaintiff's

right to relief necessarily depends on resolution of a substantial question of federal law."

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also

Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he

presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

rule,' which provides that federal jurisdiction exists only when a federal question is presented on

the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091

(citation and quotation marks omitted).  "In determining the existence of removal jurisdiction,

based upon a federal question, the court must look to the complaint *as of the time the removal*

*petition was filed*."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)

(citation and quotation marks omitted).  Mere reference to federal law is insufficient to permit

removal.  See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere

presence of a federal issue in a state cause of action does not automatically confer federal

question jurisdiction").  Also, defenses and counterclaims cannot provide a sufficient basis to

remove an action to federal court.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v.

Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d

815, 821-22 (9th Cir. 1985).

 Here, removal cannot be based on federal question jurisdiction.  The state court

pleadings and papers attached to the removal notice establish that the state court action is

nothing more than a simple unlawful detainer action and is titled as such.  (See Dkt. No. 1 at 5-

10. )  According to the state court complaint, plaintiff acquired the subject real property in

Rocklin, California, after a foreclosure sale and is seeking to evict defendants from the property.

(Dkt. No. 1 at 8-9.)  This court has no jurisdiction over unlawful detainer actions, which are

brought pursuant to state law and fall strictly within the province of the state court.

 Defendants contend that federal question jurisdiction exists because defendants'

state court demurrer, which was apparently not sustained, depended on the determination of

1    defendants' rights and plaintiff's duties under federal law, in particular the Protecting Tenants at

2    Foreclosure Act ("PTFA").  See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009).  (Dkt. No. 1

3    at 2-3.)  The PTFA "provides certain protections to tenants who reside in properties subject to

4    foreclosure," including the requirement that a 90-day notice to vacate be given to bona fide

5    tenants.  SD Coastline LP v. Buck, 2010 WL 4809661, at **1-2 (S.D. Cal. Nov. 19, 2010)

6    (unpublished).  A state court demurrer is essentially the equivalent of a motion to dismiss in

7    federal court.  However, plaintiff's complaint itself is strictly an action based on the California

8    unlawful detainer statutes.  Thus, defendants' reference to the PTFA is best characterized as a

9    potential defense or counterclaim, neither of which is considered in evaluating whether a federal

10    question appears on the face of a plaintiff's complaint.

11        Any defenses based on federal law must generally be raised in the state court

12    action and do not provide a basis for removal.  "A case may not be removed to federal court on

13    the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and

14    even if both parties admit that the defense is the only question truly at issue in the case."  ARCO

15    Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d

16    1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill

17    Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not

18    confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

19    anticipated in the plaintiff's complaint.")

20        Indeed, federal courts have consistently rejected attempts to premise federal

21    subject matter jurisdiction on the 90-day notice provision of the PTFA.  See, e.g., Parkland Sec.,

22    Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012

23    WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, 2010

24    WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL

25    4809661, at **2-3; Aurora Loan Servs, LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal.

26    Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that an argument relying on

1  the PTFA's notice provision is an attempt to premise the court's subject matter jurisdiction on a

2  defense or counterclaim.[2]

3            Furthermore, this action cannot be removed on grounds of diversity jurisdiction.

4  First, the amount in controversy does not exceed $75,000, because plaintiff's complaint

5  specifically seeks $25,000 or less. (Dkt. No. 1 at 7.)  Second, defendants are citizens of

6  California, and therefore cannot remove the action from a California state court on the basis of

7  diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts

8  have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

9  laws of the United States shall be removable without regard to the citizenship or residence of the

10 parties.  *Any other such action shall be removable only if none of the parties in interest properly*

11 *joined and served as defendants is a citizen of the State in which such action is brought*")

12 (emphasis added).

13           Based on the aforementioned analysis, the court finds that remand is appropriate,

14 because the court lacks subject matter jurisdiction over plaintiff's unlawful detainer action

15 brought pursuant to California law.

16 CONCLUSION

17           For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

18           1.  The action be summarily remanded to the Placer County Superior Court;

19           2.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

20 Placer County Superior Court, and reference the state case number (MCV0056000) in the proof

21 of service; and

22           3.  The Clerk be directed to close this case.

23

---

24      [2]  Additionally, federal district courts have concluded that the PTFA does not create a
    federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank
25  Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished);
    Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010)
26  (unpublished).

1    In light of the above-stated recommendations, IT IS ALSO HEREBY ORDERED

2   that the status (pre-trial scheduling) conference set for April 18, 2013 is VACATED.  If

3   necessary, the court will reschedule the date of that conference.

4    These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

6   (14) days after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9   shall be served on all parties and filed with the court within fourteen (14) days after service of

10  the objections.  The parties are advised that failure to file objections within the specified time

11  may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455

12  (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

13    IT IS SO ORDERED AND RECOMMENDED.

14  DATED:  November 16, 2012

17
    KENDALL J. NEWMAN
18  UNITED STATES MAGISTRATE JUDGE